UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80124-CIV-MARRA

DAVID ORTIZ, JR.,

Plaintiff,

vs.

ACCOUNTS RECEIVABLE
MANAGEMENT, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Accounts Receivable Management, Inc.'s Motion for Judgment on the Pleadings (DE 22). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On January 30, 2009, Plaintiff David Ortiz ("Plaintiff") filed a Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (counts one and two), the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.55 *et seq.* (counts three and four), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* (count six), and a claim for declaratory and injunctive relief (count seven).[1]

According to the allegations of the Complaint, Defendant Accounts Receivable Management, Inc. ("Defendant") sought to collect from Plaintiff an alleged debt. (Compl. ¶ 9.) Defendant left the following message on Plaintiff's cellular telephone voice mail on or about

---

[1] Count five of the Complaint alleged invasion of privacy by intrusion on seclusion. However, Plaintiff has chosen to withdraw this claim. (Resp. at 8.)

January 10, 11, 16, 17, 18, 21, 22, 23, 24, 25 and 26, 2008:[2]

> This message is for David Ortiz.  If you are not David Ortiz, please hang up or disconnect.  If you are David Ortiz, please continue to listen to this message.  There will now be a 3 second pause in this message. By continuing to listen this message, you acknowledge you are David Ortiz. This is a call from Accounts Receivable Management. This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please contact me about an important business matter at 800-220-3350.  Goodbye.

(Compl. ¶ 10.)  In addition, on February 2, 2008, Plaintiff received a message stating, "Hey, this message is for David.  This is Deborah.  Call when receiving my message. I need a return call. 800-220-3350, extension 6198." (Compl. ¶ 10.)   Defendant left similar or identical messages on other occasions within one-year of the filing of this Complaint. (Compl. ¶ 11.)  In some of these messages, Defendant failed to inform Plaintiff that the communication was from a debt collector, failed to inform Plaintiff of its name and failed to disclose the purpose of the messages. (Compl. ¶ 13.)  Defendant knew it was required to disclose its name, its status as a debt collector, and the purpose of its communication.  (Compl. ¶ 14.)

Furthermore, based on information and belief, Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of the filing of the Complaint.  (Compl. ¶ 15.) Plaintiff did not consent to Defendant's telephone calls by use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to the placement of these calls. (Compl. ¶ 16.) Nor were these calls made for emergency purposes.  (Compl. ¶ 17.)

Defendant moves for a motion for judgment on the pleadings on the following grounds: (1) any FDCPA claims pre-dating January 30, 2008 are barred by the statute of limitations; (2)

---

[2] On January 18, 2008, Defendant left two messages.

the FCCPA claims fail to plead properly that Defendant knew it did not have a legal right to use its collection technique and the FCCPA does not require the disclosure of identification information by a debt collector absent a request from a debtor and (3) Plaintiff's separate cause of action for declaratory and injunctive relief is redundant.

II.  Legal Standard

"Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega .v Christian, 85 F.3d 1521, 1524 (11th Cir. 1996) citing Fed. R. Civ. P. 12(c).  The Court must assume that all facts in the complaint are true and view those facts in a light most favorable to the non-moving party.  See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).   The Court may not enter judgment on the pleadings unless the allegations in the complaint contain "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

III.  Discussion

A.  FDCPA claims

Defendant seeks a ruling that the claims based on the telephone calls that occurred between January 10, 2008 and January 26, 2008 are barred by the statute of limitations because the FDCPA statute of limitations period is one year from the date on which the violation occurs. Plaintiff filed the instant lawsuit on January 30, 2009.  (DE 1.)  Plaintiff does not dispute that FDCPA requires that any action must be filed "within one year from the date on which the violation occurs." 15 U.S.C. 1692k(d).   Nor does Plaintiff dispute that the telephone calls placed prior to January 30, 2008 cannot give rise to a FDCPA claim.  However, Plaintiff points out that

the Complaint does allege that a telephone call was made on February 2, 2008 and that other telephone calls were made within one year of the filing of the Complaint. (Compl. ¶¶ 10-11.) Thus, Plaintiff contends that the FDCPA claim should not dismissed in its entirety. See, e.g., Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990) ("As the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for the plaintiff.") The Court agrees with Plaintiff.  Therefore, Plaintiff's FDCPA claim will be allowed to proceed to the extent it alleges violations that occurred within one year from the date of the filing of the Complaint.  Hence, Defendant's motion for judgment on the pleadings for counts one and two is denied.

     B.  FCCPA claims

Count III of the Complaint alleges a violation of Florida Statute § 559.72(9).  That provision states that in collecting consumer debts, no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." Florida Statute § 559.72(9).  The Complaint alleges the following:

> Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, and by using an automatic telephone dialing system or pre-recorded or artificial voice in placing calls to Plaintiff's cellular telephone to which Plaintiff had not consented, all done when Defendant knew it did not have a legal right to use such collection techniques.

(Compl. ¶ 24.)

According to Defendant, it is entitled to judgment on the pleadings because Plaintiff is attempting to "create a '*per se*' violation of FCCPA based upon an alleged violation of a federal

law"; specifically, the TCPA, based on the use of an automatic telephone dialing system. (Mot. at 4.)  In response, Plaintiff states it withdraws the portion of its allegations in count three that pertain to the use of the automatic telephone dialing system.  Instead, Plaintiff states that the violation of section 559.72(9) of the FCCPA stems from Defendant knowingly violating the FDCPA.  The Court disagrees and will grant Defendant judgment on the pleadings with respect to this claim.  Simply put, to establish a violation under this subsection of the FCCPA, it must be shown that either a debt which did not exist was being asserted or that a legal right which did not exist was being asserted.  The Complaint has failed to make either of these allegations.  Thus, Defendant is entitled to judgment on the pleadings on this claim.

Next, the Court turns to Defendant's contention that it did not violate Florida Statute § 559.72 by failing to provide identification information to Plaintiff.  Defendant points out that Florida Statute § 559.72 does not require the disclosure of identification information absent a request from a debtor.  Plaintiff does not dispute that the FCCPA does not require disclosure of identification information absent a request from the debtor.  <u>See</u> Florida Statute § 559.72(15).[3]  Instead, Plaintiff points out that within count four of the Complaint, it is alleged Defendant engaged in conduct "the natural consequence of which was to harass."  Specifically, Plaintiff contends that a consumer may be harassed by calls from automated dialing devices and that repetitive calls are harassing.  Plaintiff has alleged a dozen such calls in the Complaint and alleged that "upon information and belief" Defendant left identical messages on other occasions.

---

[3] This provision provides that in collecting consumer debts, no person may "[r]efuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt." Florida Statute § 559.72(15).

(Compl. ¶¶ 10-11.)  Florida Statute § 559.72(7) provides that in collecting consumer debts, no person shall:

> Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family

Florida Statute § 559.72(7).

The Court agrees with Plaintiff that Defendant is not entitled to judgment as a matter of law on this claim.  Based on the facts pled, Plaintiff has stated a claim for relief.  Indeed, at this point in the proceedings, there is a question of fact as to whether the number of phone calls and the content of the telephone calls would constitute harassment under the FCCPA.  See Pollock v. Bay Area Credit Svc., LLC, No. 08-61101-Civ, 2009 WL 2475167, at * 9 (S.D. Fla. Aug. 13, 2009) (factual question whether 187 telephone calls were willful and harassing); Scott v. Florida Health Sciences Ctr., Inc., No. 8:08-cv-1270-T-24-EAJ, 2008 WL 4613083, at * 4 (M.D. Fla. Oct. 16, 2008) (nineteen attempts to collect debt could be considered harassing when the plaintiff communicated to the defendant multiple times that the debt had been settled ); Segal v. National Action Financial Svcs., Inc., No. 8:04 CV 2388 T 30MAP, 2006 WL 449176, at * 8 (M.D. Fla. Feb. 22, 2006) (genuine issues of material fact as to whether telephone calls were harassment based on number and frequency of calls during year and a half period).

For the foregoing reasons, Defendant's motion for judgment on the pleadings on count three is granted and count four is denied.

### C.  Declaratory and Injunctive Relief

The parties agree that Plaintiff is entitled to declaratory and injunctive relief under the

6

TCPA and FCCPA, and that Plaintiff ought to have made the request for this relief in those corresponding sections of the Complaint. Therefore, the Court will grant Defendant judgment on the pleadings on count seven. If Plaintiff wishes to seek this relief, he may file a motion to amend the Complaint on this basis only.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Accounts Receivable Management, Inc.'s Motion for Judgment on the Pleadings (DE 22) is **GRANTED IN PART AND DENIED IN PART.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 12th day of February, 2010.

_____
KENNETH A. MARRA
United States District Judge